IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORION CORPORATION, BAYER CONSUMER CARE AG, BAYER HEALTHCARE LLC, and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) C.A. No. _____ |
| v. | ) ) ) |
| HETERO USA INC., HETERO LABS LTD., UNIT-V, and HETERO LABS LTD., | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiffs Orion Corporation ("Orion"),  Bayer Consumer Care AG ("BCC"), Bayer HealthCare LLC ("BHC"), and Bayer HealthCare Pharmaceuticals Inc. ("BHCPI") (Orion, BCC, BHC, and BHCPI are collectively referred to herein as "Plaintiffs"), by their attorneys, for their Complaint, allege as follows:

## NATURE OF THE ACTION

1.       This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code that arises out of the filing by Hetero USA Inc., Hetero Labs Ltd., Unit-V, and Hetero Labs Ltd. (collectively, "Hetero") of Abbreviated New Drug Application No. 218787 ("Hetero's ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Plaintiffs' Nubeqa® (darolutamide) tablets ("Hetero's ANDA Product") prior to the expiration of U.S. Patent Nos. 10,010,530 ("the '530 patent"), 10,383,853 ("the '853

patent"), 10,835,515 ("the '515 patent"), and 11,168,058 ("the '058 patent"). These patents are referred to collectively herein as the "patents-in-suit."

## PARTIES

### Plaintiffs

2.    Plaintiff Orion is a corporation organized under the laws of Finland with a principal place of business at Orionintie lA, FI-02200 Espoo, Finland. Orion is the owner and assignee of the patents-in-suit.

3.    Plaintiff BCC is a Swiss corporation with its principal place of business at Peter Merian-Str. 84, Basel, Switzerland 4052. BCC is an exclusive licensee under the patents-in-suit.

4.    Plaintiff BHC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 100 Bayer Boulevard, Whippany, New Jersey. BHC is an exclusive sublicensee under the patents-in-suit.

5.    Plaintiff BHCPI is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 100 Bayer Boulevard, Whippany, New Jersey. BHCPI is the holder of New Drug Application ("NDA") No. 212099 for Nubeqa® (darolutamide) tablets.

### Defendants

6.    Upon information and belief, defendant Hetero Labs Ltd. is a company organized and existing under the laws of the Republic of India with its principal place of business at 7-2-A2 Hetero Corporate, Industrial Estates, Hyderabad 500018, India. Upon information and belief, Hetero Labs Ltd. is in the business of, among other things, manufacturing and selling

generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Hetero USA Inc.

7.      On information and belief, defendant Hetero Labs Ltd., Unit-V is a division of Hetero Labs Ltd., having a principal place of business at Polepally, Jadcherla, Mahabubnagar 509301, Andhra Pradesh, India.

8.      Upon information and belief, defendant Hetero USA Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854.  Upon information and belief, Hetero USA Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

9.      Upon information and belief, Hetero USA Inc. is the U.S. Regulatory Agent for Hetero Labs Ltd., Unit-V, which is a division of Hetero Labs Ltd.

10.     Upon information and belief, Hetero Labs Ltd., Hetero Labs Ltd., Unit-V, and Hetero USA Inc. acted in concert to prepare and submit Hetero's ANDA to the FDA.  Upon information and belief, Hetero Labs Ltd., Hetero Labs Ltd., Unit-V, and Hetero USA Inc. know and intend that upon approval of Hetero's ANDA, Hetero Labs Ltd. and/or Hetero Labs Ltd., Unit-V will manufacture Hetero's ANDA Product, and Hetero USA Inc. will directly or indirectly market, sell, and distribute Hetero's ANDA Product throughout the United States, including in Delaware.

11.     Upon information and belief, Hetero Labs Ltd., Hetero Labs Ltd., Unit-V, and Hetero USA Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Hetero's ANDA Product, and enter into agreements with each other that are nearer than arm's length.  Upon information and belief, Hetero USA Inc.

3

participated in, assisted, and cooperated with Hetero Labs Ltd. and Hetero Labs Ltd., Unit-V in the acts complained of herein.

12.    Upon information and belief, following any FDA approval of Hetero's ANDA, Hetero Labs Ltd., Hetero Labs Ltd., Unit-V, and Hetero USA Inc. will act in concert to distribute and sell Hetero's ANDA Product throughout the United States, including within Delaware.

**JURISDICTION**

13.    Jurisdiction is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

14.    This Court has personal jurisdiction over each of Hetero Labs Ltd., Hetero Labs Ltd., Unit-V, and Hetero USA Inc.

15.    Hetero Labs Ltd. is subject to personal jurisdiction in Delaware because, among other things, Hetero Labs Ltd., itself and through its subsidiary Hetero USA Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Hetero Labs Ltd., itself and through its subsidiary Hetero USA Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Hetero Labs Ltd. is subject to personal jurisdiction in Delaware because, upon information and belief, it controls Hetero USA Inc. and therefore the activities of Hetero USA Inc. in this jurisdiction are attributed to Hetero Labs Ltd.

16.     Hetero Labs Ltd., Unit-V is subject to personal jurisdiction in Delaware because, among other things, Hetero Labs Ltd., Unit-V, itself and through its agent Hetero USA Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Hetero Labs Ltd., Unit-V, itself and through its agent Hetero USA Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Hetero Labs Ltd., Unit-V is subject to personal jurisdiction in Delaware because, upon information and belief, it controls Hetero USA Inc. and therefore the activities of Hetero USA Inc. in this jurisdiction are attributed to Hetero Labs Ltd., Unit-V.

17.     Hetero USA Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Hetero USA Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.  It therefore has consented to general jurisdiction in Delaware.  In addition, upon information and belief, Hetero USA Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

18.     Hetero has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type

described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

19.    Upon information and belief, Hetero, with knowledge of the Hatch-Waxman Act process, directed Hetero's Notice Letter to BHCPI, an entity incorporated in Delaware.  Upon information and belief, Hetero knew when it did so that it was triggering the forty-five day period for BHCPI to bring an action for patent infringement under the Hatch-Waxman Act.

20.    Because BHCPI is incorporated in Delaware, BHCPI suffers injury and consequences from Hetero's filing of Hetero's ANDA, in Delaware.  Hetero has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending Hetero's Notice Letter to BHCPI, a Delaware corporation, that it would be sued in Delaware for patent infringement.

21.    Upon information and belief, if Hetero's ANDA is approved, Hetero will directly or indirectly manufacture, market, sell, and/or distribute Hetero's ANDA Product within the United States, including in Delaware, consistent with Hetero's practices for the marketing and distribution of other generic pharmaceutical products.  Upon information and belief, Hetero regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.  Upon information and belief, Hetero's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.  Upon information and belief, Hetero's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used

by patients in Delaware.  Each of these activities would have a substantial effect within Delaware and would constitute infringement of the patents-in-suit in the event that Hetero's ANDA Product is approved before the patents expire.

22.    Upon information and belief, Hetero derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Hetero and/or Hetero USA Inc., Hetero Labs Ltd., Unit-V, or Hetero Labs Ltd. Upon information and belief, various products for which Hetero Labs Ltd., Hetero Labs Ltd., Unit-V, or Hetero USA Inc. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

## **VENUE**

23.    Venue is proper in this district as to Hetero USA Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero USA Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

24.    Venue is proper in this district as to Hetero Labs Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero Labs Ltd. is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

25.    Venue is proper in this district as to Hetero Labs Ltd., Unit-V pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero Labs Ltd., Unit-V is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

26.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

### The '530 Patent

27.    The '530 patent, entitled "Carboxamide Derivative and Its Diastereomers in Stable Crystalline Form," (Exhibit A hereto), was duly and legally issued on July 3, 2018.

28.    The '530 patent lists as inventors Olli Törmäkangas and Terhi Heikkinen.

29.    The '530 patent is listed in connection with Nubeqa® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

30.    Claim 1 of the '530 patent recites:

Crystalline form I of N—((S)-1-(3-(3-chloro-4-cyanophenyl)-1H-pyrazol-1-yl)    propan-2-yl)-5-(1-hydroxyethyl)-1H-pyrazole-3-carboxamide (I) having an X-ray powder diffraction pattern comprising characteristic peaks at about 8.5, 10.4, 16.6, 16.9, and 24.3 degrees 2-theta.

31.    Plaintiffs will be substantially and irreparably damaged by infringement of the '530 patent.

### The '853 Patent

32.    The '853 patent, entitled "Carboxamide Derivative and Its Diastereomers in Stable Crystalline Form," (Exhibit B hereto), was duly and legally issued on August 20, 2019.

33.    The '853 patent lists as inventors Olli Törmäkangas and Terhi Heikkinen.

34.    The '853 patent is listed in connection with Nubeqa® in the FDA's Orange Book.

35.    Claim 1 of the '853 patent recites:

Crystalline form I of N—((S)-1-(3-(3-chloro-4-cyanophenyl)-1H-pyrazol-1-yl)propan-2-yl)-5-(1-hydroxyethyl)-1H-pyrazole-3-carboxamide (I) having an X-ray powder diffraction pattern comprising characteristic peaks at about 8.5, 10.4, 16.6, and 24.3 degrees 2-theta, wherein the crystalline form I is substantially free of any other crystalline form of N—((S)-1-(3-(3-chloro-4-cyanophenyl)-1H-pyrazol-1-yl)propan-2-yl)-5-(1-hydroxyethyl)-1H-pyrazole-3-carboxamide (I).

36.    Plaintiffs will be substantially and irreparably damaged by infringement of the '853 patent.

### The '515 Patent

37.    The '515 patent, entitled "Carboxamide Derivative and Its Diastereomers in Stable Crystalline Form," (Exhibit C hereto), was duly and legally issued on November 17, 2020.

38.    The '515 patent lists as inventors Olli Törmäkangas and Terhi Heikkinen.

39.    The '515 patent is listed in connection with Nubeqa® in the FDA's Orange Book.

40.    Claim 1 of the '515 patent recites:

A pharmaceutical dosage form in the form of a tablet or a capsule for oral administration comprising crystalline form I of N—((S)-1-(3-(3-chloro-4-cyanophenyl)-1H-pyrazol-1-yl) propan-2-yl)-5-(1-hydroxyethyl)-1H-pyrazole-3-carboxamide (I) having an X-ray powder diffraction pattern comprising characteristic peaks at about 8.5, 10.4, 16.6, 16.9, and 24.3 degrees 2-theta, together with a pharmaceutical excipient.

41.    Plaintiffs will be substantially and irreparably damaged by infringement of the '515 patent.

### The '058 Patent

42.    The '058 patent, entitled "Manufacture of a Crystalline Pharmaceutical Product," (Exhibit D hereto), was duly and legally issued on November 9, 2021.

9

43.    The '058 patent lists as inventors Merja Reunanen and Anna Staffans.

44.    The '058 patent is listed in connection with Nubeqa® in the FDA's Orange Book.

45.    Claim 1 of the '058 patent recites:

Crystalline particles of N—((S)-1-(3-(3-chloro-4-cyano-phenyl)-1H-pyrazol-1-yl)-propan-2-yl)-5-(1-hydroxyethyl)-1H-pyrazole-3-carboxamide (I) having a specific surface area (SSA) in a range from about 8 to about 16 $m^2/g$.

46.    Claim 10 of the '058 patent recites:

Crystalline particles of N—((S)-1-(3-(3-chloro-4-cyanophenyl)-1H-pyrazol-1-yl)-propan-2-yl)-5-(1-hydroxyethyl)-1H-pyrazole-3-carboxamide (I) having a rounded particle shape and a volume median diameter (Dv50) ranging from between 100 μm and 1000 μm.

47.    Plaintiffs will be substantially and irreparably damaged by infringement of the '058 patent.

## Infringement by Hetero

48.    By letter dated September 11, 2023 ("Hetero's Notice Letter"), Hetero notified Plaintiffs that it had submitted to the FDA ANDA No. 218787, seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of Hetero's ANDA Product prior to the expiration of the patents-in-suit.  On information and belief, the purpose of the submission of ANDA No. 218787 was to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Hetero's ANDA Product prior to the expiration of the patents-in-suit.

49.    In Hetero's Notice Letter, Hetero also notified Plaintiffs that, as part of ANDA No. 218787, Hetero had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the patents-

in-suit.  On information and belief, Hetero submitted ANDA No. 218787 to the FDA containing a

certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the patents-in-suit are

invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale,

and/or importation of Hetero's ANDA Product.

50.    According to information in Hetero's Notice Letter, Hetero's ANDA

Product is a generic version of Nubeqa® tablets.

51.    According to information in Hetero's Notice Letter, the dosage form of

Hetero's ANDA Product is an oral tablet.

52.    According to information in Hetero's Notice Letter, the proposed dosage

strength of Hetero's ANDA Product is 300 mg.

53.    On information and belief, Hetero's ANDA Product is not publicly

available, nor is ANDA No. 218787 accessible to the public.

54.    Hetero's Notice Letter was accompanied by an Offer of Confidential Access

to a redacted version of ANDA No. 218787.  However, the Offer of Confidential Access was

subject to unreasonably restrictive confidentiality provisions.  In addition, Hetero's Notice Letter

did not offer to provide additional information beyond a redacted version of ANDA No. 218787,

such as samples of Hetero's ANDA Product, which on information and belief is not accessible to

the public.

55.    In an exchange of correspondence, counsel for Plaintiffs sought to negotiate

access to Hetero's ANDA No. 218787 and additional information pertaining to Hetero's ANDA

Product, including samples of the ANDA Product itself.  Counsel for Plaintiffs also sought to

negotiate reasonable confidentiality terms governing access to such materials.  No agreement was

reached as of the filing of this Complaint.

56.     Plaintiffs are filing this Complaint within forty-five days of receipt of Hetero's Notice Letter.

## COUNT I – INFRINGEMENT BY HETERO
## OF THE '530 PATENT UNDER 35 U.S.C. § 271(e)(2)

57.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

58.     Hetero's submission of Hetero's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hetero's ANDA Product prior to the expiration of the '530 patent was an act of infringement of the '530 patent under 35 U.S.C. § 271(e)(2)(A).

59.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 of the '530 patent, recited above, literally and/or under the doctrine of equivalents.

60.     On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product immediately and imminently upon FDA approval of Hetero's ANDA.

61.     On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 of the '530 patent, recited above.

62.     On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '530 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

63.     On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '530 patent and that its

ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '530 patent after approval of Hetero's ANDA.

64. The foregoing actions by Hetero constitute and/or will constitute infringement of the '530 patent, active inducement of infringement of the '530 patent, and contribution to the infringement by others of the '530 patent.

65. Unless Hetero is enjoined from infringing the '530 patent, actively inducing infringement of the '530 patent, and contributing to the infringement by others of the '530 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT II – INFRINGEMENT BY HETERO
## OF THE '853 PATENT UNDER 35 U.S.C. § 271(e)(2)

66. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

67. Hetero's submission of Hetero's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hetero's ANDA Product prior to the expiration of the '853 patent was an act of infringement of the '853 patent under 35 U.S.C. § 271(e)(2)(A).

68. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 of the '853 patent, recited above, literally and/or under the doctrine of equivalents.

69. On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product immediately and imminently upon FDA approval of Hetero's ANDA.

70.     On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 of the '853 patent, recited above.

71.     On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '853 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

72.     On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '853 patent and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '853 patent after approval of Hetero's ANDA.

73.     The foregoing actions by Hetero constitute and/or will constitute infringement of the '853 patent, active inducement of infringement of the '853 patent, and contribution to the infringement by others of the '853 patent.

74.     Unless Hetero is enjoined from infringing the '853 patent, actively inducing infringement of the '853 patent, and contributing to the infringement by others of the '853 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III – INFRINGEMENT BY HETERO
## OF THE '515 PATENT UNDER 35 U.S.C. § 271(e)(2)

75.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

76.     Hetero's submission of Hetero's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of

Hetero's ANDA Product prior to the expiration of the '515 patent was an act of infringement of the '515 patent under 35 U.S.C. § 271(e)(2)(A).

77.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 of the '515 patent, recited above, literally and/or under the doctrine of equivalents.

78.    On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product immediately and imminently upon FDA approval of Hetero's ANDA.

79.    On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 of the '515 patent, recited above.

80.    On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '515 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

81.    On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '515 patent and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '515 patent after approval of Hetero's ANDA.

82.    The foregoing actions by Hetero constitute and/or will constitute infringement of the '515 patent, active inducement of infringement of the '515 patent, and contribution to the infringement by others of the '515 patent.

83.     Unless Hetero is enjoined from infringing the '515 patent, actively inducing infringement of the '515 patent, and contributing to the infringement by others of the '515 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV – INFRINGEMENT BY HETERO
## OF THE '058 PATENT UNDER 35 U.S.C. § 271(e)(2)

84.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

85.     Hetero's submission of Hetero's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hetero's ANDA Product prior to the expiration of the '058 patent was an act of infringement of the '058 patent under 35 U.S.C. § 271(e)(2)(A).

86.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 and/or claim 10 of the '058 patent, recited above, literally and/or under the doctrine of equivalents.

87.     On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product immediately and imminently upon FDA approval of Hetero's ANDA.

88.     On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 and/or claim 10 of the '058 patent, recited above.

89.     On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '058 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

90.     On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '058 patent and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '058 patent after approval of Hetero's ANDA.

91.     The foregoing actions by Hetero constitute and/or will constitute infringement of the '058 patent, active inducement of infringement of the '058 patent, and contribution to the infringement by others of the '058 patent.

92.     Unless Hetero is enjoined from infringing the '058 patent, actively inducing infringement of the '058 patent, and contributing to the infringement by others of the '058 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT V – DECLARATORY JUDGMENT OF INFRINGEMENT BY HETERO OF THE '530 PATENT

93.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

94.     Hetero has knowledge of the '530 patent.

95.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 of the '530 patent, recited above, literally and/or under the doctrine of equivalents.

96.     On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product with its proposed labeling upon FDA approval of Hetero's ANDA.

97.    On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 of the '530 patent, recited above.

98.    On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '530 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

99.    On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '530 patent and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '530 patent after approval of Hetero's ANDA.

100.    The foregoing actions by Hetero constitute and/or will constitute infringement of the '530 patent, active inducement of infringement of the '530 patent, and contribution to the infringement by others of the '530 patent.

101.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Hetero regarding whether Hetero's manufacture, use, sale, offer for sale, or importation into the United States of Hetero's ANDA Product with its proposed labeling according to Hetero's ANDA will infringe at least claim 1 of the '530 patent, recited above.

102.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Hetero's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '530 patent and that the claims of the '530 patent are valid.

103.    Hetero should be enjoined from infringing the '530 patent, actively inducing infringement of the '530 patent, and contributing to the infringement by others of the '530 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT BY HETERO OF THE '853 PATENT

104.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

105.    Hetero has knowledge of the '853 patent.

106.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 of the '853 patent, recited above, literally and/or under the doctrine of equivalents.

107.    On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product with its proposed labeling upon FDA approval of Hetero's ANDA.

108.    On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 of the '853 patent, recited above.

109.    On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '853 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

110.    On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '853 patent and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On

information and belief, Hetero plans and intends to, and will, contribute to infringement of the '853 patent after approval of Hetero's ANDA.

111. The foregoing actions by Hetero constitute and/or will constitute infringement of the '853 patent, active inducement of infringement of the '853 patent, and contribution to the infringement by others of the '853 patent.

112. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Hetero regarding whether Hetero's manufacture, use, sale, offer for sale, or importation into the United States of Hetero's ANDA Product with its proposed labeling according to Hetero's ANDA will infringe at least claim 1 of the '853 patent, recited above.

113. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Hetero's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '853 patent and that the claims of the '853 patent are valid.

114. Hetero should be enjoined from infringing the '853 patent, actively inducing infringement of the '853 patent, and contributing to the infringement by others of the '853 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT VII – DECLARATORY JUDGMENT OF INFRINGEMENT BY HETERO OF THE '515 PATENT

115. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

116. Hetero has knowledge of the '515 patent.

20

117.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 of the '515 patent, recited above, literally and/or under the doctrine of equivalents.

118.    On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product with its proposed labeling upon FDA approval of Hetero's ANDA.

119.    On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 of the '515 patent, recited above.

120.    On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '515 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

121.    On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '515 patent and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '515 patent after approval of Hetero's ANDA.

122.    The foregoing actions by Hetero constitute and/or will constitute infringement of the '515 patent, active inducement of infringement of the '515 patent, and contribution to the infringement by others of the '515 patent.

123.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Hetero regarding whether Hetero's manufacture, use, sale, offer for sale, or

importation into the United States of Hetero's ANDA Product with its proposed labeling according to Hetero's ANDA will infringe at least claim 1 of the '515 patent, recited above.

124.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Hetero's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '515 patent and that the claims of the '515 patent are valid.

125.    Hetero should be enjoined from infringing the '515 patent, actively inducing infringement of the '515 patent, and contributing to the infringement by others of the '515 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT BY HETERO OF THE '058 PATENT

126.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

127.    Hetero has knowledge of the '058 patent.

128.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product would infringe at least claim 1 and/or claim 10 of the '058 patent, recited above, literally and/or under the doctrine of equivalents.

129.    On information and belief, Hetero will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's ANDA Product with its proposed labeling upon FDA approval of Hetero's ANDA.

130.    On information and belief, the use of Hetero's ANDA Product in accordance with and as directed by Hetero's proposed labeling for that product would infringe at least claim 1 and/or claim 10 of the '058 patent, recited above.

131.    On information and belief, Hetero plans and intends to, and will, actively induce infringement of the '058 patent when Hetero's ANDA is approved, and plans and intends to, and will, do so after approval.

132.    On information and belief, Hetero knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '058 patent and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Hetero plans and intends to, and will, contribute to infringement of the '058 patent after approval of Hetero's ANDA.

133.    The foregoing actions by Hetero constitute and/or will constitute infringement of the '058 patent, active inducement of infringement of the '058 patent, and contribution to the infringement by others of the '058 patent.

134.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Hetero regarding whether Hetero's manufacture, use, sale, offer for sale, or importation into the United States of Hetero's ANDA Product with its proposed labeling according to Hetero's ANDA will infringe at least claim 1 and/or claim 10 of the '058 patent, recited above.

135.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Hetero's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '058 patent and that the claims of the '058 patent are valid.

136.    Hetero should be enjoined from infringing the '058 patent, actively inducing infringement of the '058 patent, and contributing to the infringement by others of the '058 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment that Hetero has infringed, will infringe, and will induce and contribute to the infringement of each of the patents-in-suit;

(b)    A judgment that the patents-in-suit are valid and enforceable;

(c)    A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Hetero's ANDA Product be not earlier than the latest of the expiration dates of the patents-in-suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A preliminary and permanent injunction enjoining Hetero, and all persons acting in concert with Hetero, from the commercial manufacture, use, sale, offer for sale, or importation of Hetero's ANDA Product prior to the latest of the expiration dates of the patents-in-suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)    A judgment declaring that the commercial manufacture, use, sale, offer for sale, or importation of Hetero's ANDA Product prior to the expiration of the patents-in-suit will infringe, actively induce infringement of, and/or contribute to the infringement by others of the patents-in-suit;

(f)    An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Hetero engages in the manufacture, use, offer for sale, sale, or importation of Hetero's ANDA Product prior to the latest of the expiration dates of the patents-in-suit, inclusive

of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C.

§ 271(e)(4)(C);

        (g)    A declaration that this is an exceptional case and an award of attorneys' fees

pursuant to 35 U.S.C. § 285;

        (h)    Costs and expenses in this action; and

        (i)    Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
dfahnestock@mnat.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Dov P. Grossman
Shaun P. Mahaffy
Arthur J. Argall III
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

October 26, 2023